UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JUAN NUNEZ,

                           Plaintiff,

       v.

VICTOR HERBERT, Superintendent,
I.R.C. PATRICIA PRIESTLY, and
CAPTAIN BRADT,

                           Defendants.

**DECISION
and
ORDER**

03-CV-093A(F)

---

APPEARANCES:    JUAN NUNEZ, *Pro Se*
                              84-B-0177
                              Attica Correctional Facility
                              P.O. Box 149
                              Attica, New York 14011-0149

                              ANDREW M. CUOMO
                              Attorney General, State of New York
                              Attorney for Defendants
                              DARREN LONGO
                              Assistant Attorney General, of Counsel
                              107 Delaware Avenue
                              4th Floor
                              Buffalo, New York 14202

## **JURISDICTION**

      This case was referred to the undersigned by Honorable Richard J. Arcara on November 15, 2005. The matter is presently before the court on Plaintiff's motion for an extension of time in which to file an amended complaint (Doc. No. 19), and Defendants' motion to dismiss (Doc. No. 21), filed June 5, 2007.

## **BACKGROUND and FACTS**[1]

Plaintiff, proceeding *pro se*, commenced this civil rights action on February 5, 2003, while incarcerated at Attica Correctional Facility ("Attica" or "the correctional facility"), alleging Defendants Attica Superintendent Victor Herbert ("Herbert"), Attica Inmate Records Coordinator ("IRC") Patricia Priestly ("Priestly"), and Attica Corrections Captain Bradt ("Bradt") (together, "Defendants"), violated Plaintiff's Fourteenth Amendment rights to due process and equal protection by failing to correct an administrative error that wrongly kept Plaintiff in keeplock confinement in Attica for 113 days.  On October 12, 2004, Defendants moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Complaint for failure to state a claim, and 12(c) for judgment on the pleadings.  In a Report and Recommendation filed on February 21, 2007 (Doc. No. 15) ("February 21, 2007 Report and Recommendation"), the undersigned recommended granting the motion for several reasons, including (1) failure to establish that his confinement in keeplock was an intentional, rather than a negligent, act; (2) failure to demonstrate that the conditions of confinement while on keeplock status were sufficiently atypical as to constitute a deprivation of a protected liberty interest; and (3) failure to allege any personal involvement by Defendants Herbert and Priestly.  February 21, 2007 Report and Recommendation at 7-13.  Nevertheless, the undersigned considered it was possible that Plaintiff could amend the Complaint to state a valid Fourteenth Amendment due process claim and, accordingly, dismissed the Complaint without prejudice and with leave to file an amended complaint. *Id*. at 13-14.

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

Although Plaintiff timely filed objections to the February 21, 2007 Report and Recommendation (Doc. No. 16), by order filed March 30, 2007 (Doc. No. 18) ("March 30, 2007 Order"), Chief Judge Arcara adopted the February 21, 2007 Report and Recommendation in its entirety, advising Plaintiff to file any amended complaint by May 4, 2007, or the case would be dismissed.

Nevertheless, by letter dated May 4, 2007 and filed May 9, 2007 (Doc. No. 19) ("May 4, 2007 Letter"), Plaintiff sought to extend to May 25, 2007 the deadline to file an amended complaint (Doc. No. 19) ("Plaintiff's motion"), explaining the additional time was needed because Plaintiff had been denied access to Attica's law library because the correctional officer in charge of the library was on vacation, and the computer file containing Plaintiff's work relative to the case inadvertently been adverted.  On May 9, 2007, Plaintiff filed the proposed Amended Complaint (Doc. No. 20) ("Proposed Amended Complaint"), which is dated May 7, 2007, against Defendants Bradt and Priestly.

On May 9, 2007, Defendants filed the instant motion to dismiss the Amended Complaint (Doc. No. 21) ("Defendants' motion"), supported by Defendants' Memorandum of Law in Support of Motion to Dismiss (Doc. No. 22) ("Defendants' Memorandum").[2]  In opposition to Defendants' motion, Plaintiff filed on June 22, 2007, a document titled "Reply to Respondents' Answering Affirmation" (Doc. No. 24) ("Plaintiff's Response").  Oral argument was deemed unnecessary.

---

[2] Because the court never granted Plaintiff's request for an extension of time to file the amended complaint, the document titled "Amended Complaint" (Doc. No. 20) is actually a proposed amended complaint.

Based on the following, Plaintiff's request for permission to extend the deadline to file an amended complaint (Doc. No. 19) is DENIED; Defendants' motion to dismiss (Doc. No. 21) is DISMISSED as moot.

## DISCUSSION

Defendants move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Amended Complaint for failure to state a claim, asserting that the Amended Complaint was untimely filed and contains none of the essential substantive allegations necessary to establish that Plaintiff's confinement on keeplock status was an intentional, rather than a negligent, act, that the conditions of confinement while on keeplock status were sufficiently atypical as to constitute a deprivation of a protected liberty interest, or to allege any personal involvement by Defendants.  Defendants' Memorandum at 1-2.  Alternatively, Defendants maintain they are qualifiedly immune from any liability on the Amended Complaint.  *Id*. at 2.  In opposition, Plaintiff essentially reasserts the allegations contained in the Proposed Amended Complaint, and states that he should be allowed to proceed with discovery which would allow Plaintiff to assert with more specificity how the error by which his cube restriction status at his previous correctional facility was converted to keeplock status at Attica. *See* Plaintiff's Response, *in passim*.

Initially, the court addresses the fact that the Proposed Amended Complaint was filed after the May 4, 2007 deadline and without the court having granted Plaintiff's motion to extend such deadline.  Although a motion to amend a complaint brought pursuant to Fed. R. Civ. P. 15(a) provides for leave to file an amended complaint "shall be freely given," this standard "must be balanced against the requirement under Rule

4

16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'" *Grochowski v. Phoenix Construction*, 318 F.3d 80, 86 (2d Cir. 2003) (quoting Fed. R. Civ. P. 15(a) and 16(b)). S*ee Carnrite v. Granada Hospital Group, Inc.*, 175 F.R.D. 439, 447 (W.D.N.Y. 1997) (a Rule 16(b) scheduling order "shall not be modified except upon a showing of good cause"). As such, once Judge Arcara's March 30, 2007 Order was issued, the deadlines set in such order could not be amended absent good cause to amend.

Here, Plaintiff has attempted to establish the requisite good cause under Rule 16(b) for the requested extension of time by asserting that he had been denied access to the law library because the law library clerk was on vacation, and that the computer file containing Plaintiff's legal work had inadvertently been deleted. May 4, 2007 Letter. Although Defendants draw the court's attention to the fact that the Proposed Amended Complaint was filed after the May 4, 2007 deadline, Defendants do not dispute Plaintiff's assertions in support of the request to extend the filing deadline. Nevertheless, because it is within the court's discretion whether to amend a scheduling order, *Grochowski*, 318 F.3d at 86, in the instant case the court, in its discretion, finds that the claims contained in the Proposed Amended Complaint are futile which would provide sufficient reason to deny a bare motion to file an amended complaint. *See Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 18 (2d Cir. 1997) ("Leave to amend need not be granted . . . where the proposed amendment would be futile.") (internal citation and quotation marks omitted).

In particular, although the Proposed Amended Complaint asserts the same claims as contained in the Complaint, albeit against only Defendants Bradt and Priestly,

5

also named as Defendants in the Complaint, but not against Defendant Herbert, like the Complaint, the Proposed Amended Complaint fails to allege any substantive facts which, if true, would establish that Defendants' actions with regard to Plaintiff's erroneous placement in keeplock confinement constituted a § 1983 violation. Specifically, no facts alleged in the Proposed Amended Complaint, and construed in Plaintiff's favor, establish that (1) Plaintiff's erroneous placement in keeplock confinement was intentional, rather than mere negligence; (2) that the prison conditions under which Plaintiff was confined while in keeplock were atypical when compared to the prison conditions to which prisoners not on keeplock status enjoyed as necessary to establish a deprivation of a protected liberty interest; or (3) the requisite personal involvement of the Defendants in an intentional decision to place Plaintiff on keeplock status.  Defendants' Memorandum at 4-7.  As such, the claims contained in the Proposed Amended Complaint are without merit for the same reasons their dismissal was recommended in the February 21, 2007 Report and Recommendation and, as such, are futile.  The futility of the Proposed Amended Complaint sufficiently supports the discretionary determination to DENY Plaintiff's motion extend the deadline to file the proposed Amended Complaint.  Moreover, the denial of Plaintiff's motion renders Defendants' motion to dismiss as moot.

## **CONCLUSION**

Based on the foregoing, Plaintiff's request for an extension of time in which to file an amended complaint (Doc. No. 19) is DENIED; Defendants' motion (Doc. No. 21) is DISMISSED as moot; the Clerk of the Court is directed to close the file in accordance

with Judge Arcara's March 30, 2007 Order (Doc. No. 18).

SO ORDERED .

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   February 21, 2008
Buffalo, New York

**Any appeal of this Decision and Order must be taken to by filing a notice of appeal within 10 days of the filing of this Decision and Order pursuant to Fed. R. Civ. P. 72(a).**