UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JUAN NUNEZ,

                Plaintiff,

                              DECISION AND ORDER
                              03-CV-93A

      v.

VICTOR HERBERT, Superintendent,
I.R.C. PATRICIA PRIESTLY, and
CAPTAIN BRADT,

                Defendants.

Currently before the Court is a motion by plaintiff for reconsideration of a Decision and Order of Magistrate Judge Leslie G. Foschio dated February 21, 2008. In the Decision and Order of February 21, 2008, Magistrate Judge Foschio denied a request from plaintiff to extend the time within which to file an amended complaint in this case. Plaintiff's request was denied in light of this Court's Order of March 30, 2007, adopting a Report and Recommendation of Magistrate Judge Foschio and dismissing plaintiff's claims. For the reasons below, plaintiff's motion is denied.

The Court will assume familiarity with the background facts of this case. In the pending motion, plaintiff seeks reconsideration of his request to file an amended complaint beyond the May 4, 2007 deadline that this Court had set. Plaintiff's motion does not make clear how an "undue hardship concerning the

law library procedures at Attica Corr[ectional] facility" prevented him from submitting even a simple, handwritten complaint before the Court's deadline. Under Rule 8 of the Federal Rules of Civil Procedure, "a short and plain statement of the claim showing that the pleader is entitled to relief" would have sufficed as a timely amended complaint. Plaintiff thus has not set forth any reason to excuse his tardiness.

More importantly, however, this Court has determined already that plaintiff's claims are legally insufficient on the merits. Through its Order of March 30, 2007, this Court adopted Magistrate Judge Foschio's finding that the government conduct for which plaintiff seeks relief resulted from mere negligence or bureaucratic oversight, not the intentional conduct and personal involvement necessary to sustain claims under 42 U.S.C. § 1983. Because this Court has ruled already that plaintiff's claims are legally insufficient no matter how they are expressed in a complaint, plaintiff's pending motion essentially is a request for reconsideration of the order of dismissal and the final judgment closing the case. Plaintiff has not explained in his pending motion how an amended complaint somehow would take legally insufficient claims and express them in a way that would make them legally sufficient. Plaintiff also has failed to point to any information that would indicate that the dismissal of his case on the merits resulted from mistake or oversight. *See* Fed. R. Civ. P. 60(b); *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting [a

motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.") (citations omitted).  Under these circumstances, this Court lacks the authority and the justification to grant plaintiff's motion.

For all of the foregoing reasons, plaintiff's motion is denied in its entirety.

SO ORDERED.

*s/Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: June 2, 2009